**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**SASHA RYAN WILLIAMS,**

**Plaintiff,**

**v.** **Case No. 21-CV-1235**

**FBI, et al.,**

**Defendants.**

---

# RECOMMENDATION AND ORDER

---

Currently pending before the court is plaintiff Sasha Ryan Williams's Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed Williams's request, the court concludes that she lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Williams's Request to Proceed in District Court without Prepaying the Filing Fee will be granted. However, because the court is granting the Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton*

*v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless

legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the complaint. Williams's claim relates to the execution of a federal search warrant at her residence "on or about December 9, 2020." (ECF No. 1 at 2.) From other court records the court is able to fill in some of the details missing from the complaint. On December 8, 2020, federal agents obtained a search warrant for an apartment in the 9000 block of North 95th Street in Milwaukee. *See* 20-MJ-474 (E.D. Wis.). The search warrant was supported by an affidavit setting forth probable cause to believe that Vance Fields was selling controlled substances and both controlled and frequented the residence.

Williams claims that agents took $10,000 and two firearms that belonged to her. She complains that the agents were not masked, took a photo of her five-year-old daughter in her underwear, broke beds, vents, mirrors and her screen door, and poured cereal down her sink. She seeks her belongings back, compensation for the damages,

"pay for wages lost due to them taking my money I couldn't get the supplies needed to keep my company going." (ECF No. 1 at 4.)

Vance Fields was subsequently indicted. *United States v. Fields*, 21-CR-21 (E.D. Wis.). He has since pled guilty and is awaiting sentencing. Fields's plea agreement (*id.*, ECF No. 35) contains certain details relevant to Williams's claims. It states that investigators recovered two firearms from the residence, a black Taurus PT111 Millennium G2 9mm pistol bearing serial number TJW33822 and a black Ruger LC9 9mm pistol bearing serial number 452-47050. (*Id.* at 19.) Agents also recovered approximately $10,000 from "a safe which contained mail and other identifiers for Fields." (*Id.*) The government filed a bill of particulars for forfeiture of the $10,000 (*id.*, ECF No. 20), and by his plea agreement Fields agreed to its forfeiture (*id.*, ECF No. 35 at 9, ¶ 35). The court entered a preliminary order of forfeiture, forfeiting this money to the government. (*Id.*, ECF No. 44.) As to the firearms, although the government has obtained a preliminary order of forfeiture of many firearms, the order does not include those identified in the plea agreement as having been taken from the residence on North 95th Street. (*Id.*)

Thus, Williams's complaint contains at least three very different claims. Her claim regarding the $10,000 would appear to come under 21 U.S.C. § 853(n) and therefore is not properly a part of a separate civil action. Accordingly, the court will recommend that her claim regarding the $10,000 be dismissed without prejudice.

Her claim regarding the firearms would appear to come under Rule 41(g) of the Federal Rules of Criminal Procedure. There is much confusion and inconsistency as to the proper way to present a claim under Rule 41(g). *See, e.g.*, *United States v. Shaaban*, 602 F.3d 877, 879 (7th Cir. 2010); *In re Search of 2847 E. Higgins Rd.*, 390 F.3d 964 (7th Cir. 2004); *United States v. Howell*, 354 F.3d 693 (7th Cir. 2004). But at this preliminary stage, without the benefit from adversarial briefing on the question, the court will not find that Williams's approach is improper. Therefore, her claim for the return of property under Rule 41(g) is sufficient to proceed.

As for Williams's claim for damages associated with the execution of the search warrant, it does not appear that she is attempting to invoke a claim under 28 U.S.C. § 1983. Rather, she appears to be alleging a claim for property damage, which would place the claim under the Federal Tort Claims Act. *See* 28 U.S.C. § 2671 *et seq*. But, before pursuing a suit under the Federal Tort Claims Act, a claimant must exhaust her administrative remedies. 28 U.S.C. § 2675(a); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014). This is most easily accomplished with the filing of a Standard Form 95 with the agency whose employees caused the alleged injury. There is no indication that Williams has complied with this requirement. Consequently, Williams's claim is not properly before the court.

In sum, the court concludes that only William's Rule 41(g) motion for the return of the two firearms seized from her residence is properly before the court. Procedurally,

it may be appropriate to proceed with this action under either the action assigned to the underlying search warrant, *i.e.*, 20-MJ-474 (E.D. Wis.), or the related criminal case, i.e., 21-CR-21 (E.D. Wis.). But at this stage the court finds this to be a distinction without a difference. Consequently, the court will permit the matter to proceed as an independent action. Nonetheless, the proper "defendant" in such an action is not the FBI and DEA but rather the United States. The Clerk shall update the caption accordingly.

**IT IS THEREFORE ORDERED** that Williams's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that this action is construed as a motion under Fed. R. Crim. P. 41(g) for the return of two firearms seized from Williams's residence pursuant to a federal search warrant.

**IT IS FURTHER ORDERED** that the Clerk shall update the caption to name the United States as the defendant.

**IT IS FURTHER RECOMMENDED** that Williams's claims related to the $10,000 seized from her residence and for damages be dismissed without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants**.** Even though Williams has been permitted to proceed in forma pauperis in this case, she is still responsible for the cost of serving the complaint on the defendants.

Williams is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of Williams's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Williams should also retain a personal copy of each document.

Williams is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, Williams must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Civ. P. 72(a) and (b)(2) whereby written objections to any order or recommendation herein

or part thereof may be filed within fourteen days of the date of service of this recommendation and order. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 27th day of October, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge